IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURA HERRERA and SAUL CANO, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-4457 |
| FAMSA, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is an employment discrimination suit. The defendant, FAMSA, Inc., filed a motion for summary judgment on November 1, 2011. (Docket Entry No. 29).[1] It amended its motion on November 2 to correct minor errors in the original motion. (Docket Entry No. 30). On November 3, the plaintiffs, Maura Herrera and Saul Cano, filed a motion for a continuance under Federal Rule of Civil Procedure 56(d).[2] The plaintiffs seek to extend the time in which to respond to the summary judgment motion through the discovery cutoff because mediation is set to occur and, if mediation proves unsuccessful, they will need additional discovery. (Docket Entry No. 31). The plaintiffs argue that they should be able to conduct discovery through the cutoff set in the scheduling and docket control order—January 13, 2012—before having to respond to the motion. The plaintiffs contend that additional document discovery and depositions of key witnesses, including FAMSA

---

[1] The court previously granted the plaintiffs' motion to dismiss FAMSA International, LLC as a party to this suit. (Docket Entry No. 25).

[2] Both parties cite Rule 56(f); however, the 2010 amendments to the Federal Rules of Civil Procedure transferred, "without substantial change," former subdivision (f) to subdivision (d). FED. R. CIV. P. 56 advisory committee's notes (2010).

employees who signed affidavits for the summary judgment exhibits, "are key to Herrera and Cano's summary judgment response." (*Id.*, at 3). The plaintiffs additionally assert that "both parties agreed to suspend discovery until after an unsuccessful mediation on November 17, 2011." (*Id.*, at 4).

FAMSA, Inc. does not oppose a brief extension of the response date, but does oppose a lengthy extension to permit additional discovery. (Docket Entry No. 32). FAMSA disputes that the parties agreed to suspend discovery pending mediation. Rather, it says that the parties had agreed only to defer the plaintiffs' depositions of two witnesses scheduled for September 20 and 21, 2011—"not all discovery or motion practice as opposing counsel contends—pending mediation." (*Id.*, at 2 (emphasis omitted)). FAMSA asserts that, as this case has been pending since November 2010, "the Plaintiffs have had ample opportunity for discovery"—including the depositions of these witnesses—which, in any event, has included nearly one thousand pages of document discovery. (*Id.*, at 3). Additionally, FAMSA contends that the plaintiffs fail to explain with specificity how additional discovery is necessary to permit them to respond to the summary judgment motion. (*Id.*, at 4–5).

The plaintiffs reply that the parties did agree to suspend all discovery pending mediation. (Docket Entry No. 33, at 3). They also assert that they need, first, to obtain the "documents regarding the employee head count of FAMSA" and, second, to depose the employees who signed the declarations. (*Id.*, at 3, 4).

Federal Rule of Civil Procedure 56(d) allows a court to "defer considering the motion [for summary judgment] or deny it" or to allow additional time for discovery when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. FED. R. CIV. P. 56(d). "Although 'a continuance of motion for

2

summary judgment for purposes of discovery should be granted almost as a matter of course,' *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (6th Cir. 1991) (quotation marks and citations omitted), the party seeking additional discovery must first demonstrate 'how that discovery will create a genuine issue of material fact.' *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606, (5th Cir. 2001)." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). In particular, the party seeking additional discovery "must show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Beattie*, 254 F.3d at 606. Mere reliance "on vague assertions that additional discovery will produce needed, but unspecified, facts" is insufficient. *Id.*; *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) ("A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." (internal quotation marks omitted)).

In determining whether to grant relief under Rule 56(d), district courts may consider the party's diligence in conducting discovery. *See Lee v. Stalder*, 223 F. App'x 315, 319 (5th Cir. 2007). For example, the Fifth Circuit in *Beattie* explained that "the plaintiff had several months, from the time she sued, to depose the board members, who are named defendants. [The plaintiff] submits that she did not depose them earlier because the parties were in settlement negotiations, but a party suspends discovery at his own risk." 254 F.3d at 606. The Fifth Circuit affirmed the district court's denial of the plaintiff's Rule 56(f) motion, which was filed "three days after the defendants filed their motion for summary judgment, the date at which [the plaintiff] alleges she first became aware of the contradiction in testimony." *Id.*

3

In this case, the court entered a scheduling order on May 5, 2011, (Docket Entry No. 22), thus opening the discovery period, *see* FED. R. CIV. P. 26(d). The plaintiffs had nearly six months before FAMSA filed its summary judgment motion to depose Ray Parilla and Allen Barajas. But the plaintiffs have identified certain points on which they need to obtain discovery from FAMSA to respond to particular points in the summary judgment motion and brief.

Given the parties' December 5, 2011 mediation as well as the upcoming holidays, the motion to extend the response deadline is granted. The plaintiffs must file a response to the summary-judgment motion by **January 6, 2012**. By **December 16, 2011**, the plaintiffs may depose Parilla and Barajas. By **December 1, 2011**, the plaintiffs may request the production of documents relevant to the plaintiffs' eligibility for FMLA leave, the number of employees in FAMSA's Austin store, the distance of other FAMSA locations, whether Cano applied for FMLA leave, and any communications among FAMSA employees about Herrera and Cano. The motion for continuance, (Docket Entry No. 31), is granted to that extent and otherwise denied.

SIGNED on November 21, 2011, at Houston, Texas.

                                                 Lee H. Rosenthal
                                                 United States District Judge